REGAN, Judge.
Plaintiff, Jennie Piediscalzo, instituted this suit against the defendant, Employers Liability Assurance Corp., her employer’s workmen compensation insurer, endeavor-' ing to recover maximum compensation of $23.40 per week for a period of 400 weeks. Plaintiff explained therein that she incurred an injury on November 12, 1959, while she was engaged in working as a custodian for the Orleans Parish School Board, which resulted in an umbilical hernia. In conclusion, she requested the imposition of statutory penalties and attorney’s fees.
The defendant answered and denied that the plaintiff was injured in consequence of a job related accident. It conceded, however, that the plaintiff did possess an umbilical hernia, but asserted that it was repaired successfully and that she experienced no disability as a result thereof.
From a judgment dismissing plaintiff’s suit, she has prosecuted this appeal.
The record reveals that the plaintiff’s employer requested that she visit Dr. William Roy, a surgeon, after she reported that she was injured on November 12, 1959, while *860 moving a heavy chair. Dr. Roy, in the course of his examination, discovered the existence of a hernia; however, he advised her to diet for a period of one year before he would attempt surgery therefor.
Plaintiff continued to work and to adhere to her diet during that year, and when she had reduced her weight by 30 pounds she entered the hospital for the operation. In approximately two months she recovered therefrom and returned to her former occupation. She worked for ten months and again stopped for an interval of two months. Finally, on December 12, 1961, she resumed her custodial duties as an employee of the Orleans Parish School Board, and was so engaged when this case was tried in the lower court.
Plaintiff testified that despite the fact that she has worked fairly steadily since the accident, she is disabled because she works in pain. Her constant complaints of abdominal pain were attested to by co-workers, a neighbor and her husband.
Dr. William Fisher, a surgeon who appeared on plaintiff’s behalf, was the only doctor who made an objective finding to support her complaints of pain. It was his opinion that the surgery was not completely successful, since she had a “small early recurrence or bulge on the operative site where the hernia was repaired”. He conceded, however, that a difference of medical opinion could exist with respect to his diagnosis.
Four reputable surgeons appeared on the defendant’s behalf, .and they were unanimously of the opinion that the hernia operation was completely successful and could not relate plaintiff’s complaints of pain in this area to the surgery that was performed. Two of the four physicians explained that the plaintiff was not consistent in her complaints of pain, in that, when she was distracted, she did not respond to tests for pain by the application of pressure in the scar area.
Predicated on the foregoing evidence, the-trial judge reasoned that any pains which plaintiff may be experiencing are not casually related to an on-the-job accident or to' the surgical repair of the hernia.
The only question which this appeal has-posed for our consideration is one of fact,, and that is whether that finding of the trial' court is so erroneous and unsupported bythe evidence as to warrant a reversal by us~
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony. Suffice it to say that the trial judge accepted the medical evidence adduced on-behalf of the defendant as the most credible,, and our analysis of the record convinces us-that this is true; therefore, the judgment is correct.
For the reasons assigned, the judgment: appealed from is affirmed.
Affirmed.